UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
:
MARIE Y. BARHOUMA, :
: CASE NO. 1:14-CV-02214
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 26]
ATHENIAN ASSISTED LIVING, LTD., :
et al., :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this employment litigation alleging sex discrimination, retaliation, assault and battery, and intentional infliction of emotional distress, the parties cross moved for summary judgment.[1] In Defendants' moving papers, as well as the sworn affidavit of Defendant Edmund Gates, Defendants referred to (1) medical reports prepared by Dr. Crowe and Dr. Salewski; (2) Plaintiff's drug use; (3) a police report from the Parma Police Department and (3) Plaintiff's criminal activity.[2] Plaintiff moves to strike these references as irrelevant and inadmissible hearsay under the Federal Rules of Evidence.[3] Defendants oppose.[4]

As an initial matter, the Court notes that "the Federal Rules do not authorize courts to strike portions of a summary judgment motion from the record."[5] The Court's authority extends

---

[1] Doc. 16 (Defendants' motion for summary judgment); Doc. 18 (Plaintiff's motion for summary judgment).
[2] Doc. 16; Doc. 23; Doc. 24; Doc. 16-2.
[3] Doc. 26.
[4] Doc. 27.
[5] Reeves v. Case W. Reserve Univ., 2009 WL 3242049 (N.D. Ohio, Sept. 30, 2009).

-1-

Case No. 1:14-CV-02214
Gwin, J.

to striking matters only from pleadings.[6]

Rather, the question at hand is whether the Court may *consider* the evidence that Plaintiff challenges. Not all evidence need be admissible at this stage. A party merely needs to show that she "can make good on the promise of the pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists."[7] Inadmissible hearsay may not be considered on summary judgment.[8] However, no rule gives clear authority "to strike" arguments or evidence as inadmissible.

The parties have used the motion to strike as an early opportunity to seek an advisory ruling on whether certain evidence is admissible. The Plaintiff makes good argument that parts of Defendants' evidence is inadmissible or only weakly relevant. But those concerns are best dealt with in summary judgment itself. Alerted to Plaintiff's arguments and Defendants' opposing arguments, the Court will endeavor to only consider admissible evidence in ruling on Defendants' motion for summary judgment.

The Plaintiff's motion is **DENIED** without prejudice.

IT IS SO ORDERED

Dated: September 2, 2015        s/        *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[6] Fed. R. Civ. P. 12(f).
[7] Alexander v. CareSource, 576 F.3d 551, 558 (6th Cir. 2009); *see also* Fed. R. Civ. Pro. 56(c)(1)(B) ("[A] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . showing . . . that an adverse party cannot produce admissible evidence to support that fact.").
[8] Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999) ("Hearsay evidence may not be considered on summary judgement.").